# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| MELVIN JONES, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 12-3373-CV-S-DGK-H |
| LINDA SANDERS,[1] Warden, | ) |
| United States Medical Center, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Thereafter, petitioner filed a traverse in which he reasserted the allegations of his original position.

As grounds for relief in habeas corpus, petitioner alleges that he has been wrongfully denied placement in a Residential Re-entry Center ["RRC"] pursuant to the Second Chance Act, 18 U.S.C. § 3624 ( c). He contends that the BOP should consider him for more than six months of RRC placement, and that it failed to exercise good faith in determining whether he is eligible for release for twelve months.

It is the government's response that petitioner has no constitutional right to be housed in an

---

[1] The name of the current warden has been substituted as the proper respondent.

RRC, nor does the BOP have any obligation to place an inmate in an RRC for all or even part of the community transition period. It is further stated that petitioner's unit team at the Medical Center considered him for placement and recommended RRC placement for 151-180 days. [Respondent's Response, Ex. 1 ¶ 4, Attach. B.]. The government also states that at this time, the unit team has not submitted the formal referral for placement in an RRC, but as he approaches his release date, a referral of up to 180 days will be made. Petitioner's projected release date is January 8, 2014. It is respondent's position that the decision regarding petitioner's placement was based on the factors enunciated in § 3261(b) and his transitional needs. It is asserted that petitioner's individual needs were taken into consideration in this case, and that based on the declaration of petitioner's case manager, the review of his request for RRC placement was conducted in good faith and was consistent with the mandates of the Second Chance Act.

Having fully reviewed the record, the Court finds that petitioner has failed to state a constitutional violation for which habeas corpus relief is available. The record indicates that his unit team recommended him for up to six months of RRC placement. This recommendation was based on his offense conduct, which included criminal drug activity while employed as a police officer; his disciplinary history in the BOP; and his low need for transitional services due to a supportive family, financial assistance, and employment opportunities when released. While the statute allows for a maximum of twelve months in an RRC placement, it is clear that the recommendation for such placement is discretionary. There is nothing in the record before the Court to indicate that petitioner did not receive individual consideration, or that the BOP did not act in good faith.

This Court has carefully considered petitioner's position, mindful of congressional intent and the many policy reasons to support allowing inmates a longer reentry transition period. The Court finds, however, that there is no indication that the method by which the BOP is handling such

requests is arbitrary and capricious, or constitutes an abuse of discretion, sufficient to establish a constitutional violation. Therefore, the Court finds that petitioner has failed to state a constitutional violation, and that it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

      /s/ James C. England
    JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE

Date:    11/29/12